UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY Y. PANG,

                    MEMORANDUM & ORDER

         Plaintiff,

      - against -                      01-CV-0994 (NGG) (KAM)

N.Y.C. BOARD OF EDUCATION, JOANN
ASCIUTTO, Principal of P.S. 314, and MARIA
COTTO, Principal of P.S. 179

         Defendants.
------------------------------------------------------------X

GARAUFIS, District Judge.

      Plaintiff Amy Y. Pang filed the instant suit, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, on February 14, 2001.  Pang alleges that defendants Joann Asciutto and Maria Cotto, who at all times relevant to this lawsuit were Principal and Assistant Principal, respectively, at Public School ("P.S.") 314, acting on the basis of Pang's race and national origin, gave plaintiff an unsatisfactory assessment of her performance as a probationary teacher for the 1996-97 school year.  According to Pang, this negative assessment subsequently led to Pang's termination by the Board of Education, her placement on the Board's Ineligible/Inquiry list, and the denial of Pang's application for a Special Education license in 1999.

      The defendants filed a fully briefed motion to dismiss Pang's *pro se* complaint on August 31, 2001.  Pang subsequently retained counsel, and the defendants withdrew their motion upon the request of the court following the representation of plaintiff's counsel in writing and at a February 11, 2003 status conference that he planned to file an amended complaint in this matter.

1

The parties entered into a stipulation to that effect, which was endorsed by the court on March 25, 2003. On September 24, 2004, not having received an amended complaint or any other communication from the parties since March 2003, Magistrate Judge Kiyo A. Matsumoto ordered the parties to file a status report on the case by October 18, 2004. In response, the defendants timely filed a joint letter on behalf of all parties in which they informed the court that plaintiff's counsel planned to file an amended complaint no later than November 1, 2004. Again, plaintiff's counsel failed to file the promised amended complaint. In an order dated February 2, 2005, Judge Matsumoto then offered Pang a final opportunity to file an amended complaint, ordering her to do so no later than February 16, 2005. Plaintiff's counsel did not file an amended complaint or otherwise respond to this order. Accordingly, on March 9, 2005, Judge Matsumoto granted the defendants' request to renew their motion to dismiss. In accordance with a briefing schedule proposed by the defendants and approved by this court on April 29, 2005, the defendants filed their renewed motion to dismiss on May 10, 2005. Plaintiff's response in opposition to this motion was due on June 1, 2005. However, no response or other communication from plaintiff or her counsel has since been received by the court.

For the reasons set forth below, the defendants' motion to dismiss Pang's complaint is granted.

**I.      Background**

Pang was hired to serve as a probationary bilingual teacher at P.S. 314 on September 5, 1996. During the following school year, an incident occurred which led to a finding that Pang had corporally punished an unruly student. On the basis of this finding, Pang received an unsatisfactory performance evaluation ("u-rating") for the 1996-97 school year. Pang was

notified that she had received this u-rating on June 23, 1997. (See Plaintiff's complaint to the New York State Division of Human Rights, attached as Ex. B to defendants' motion to dismiss.) Pang's period of probationary service was terminated due to her u-rating for the previous school year on October 4, 1997.

In February 1999, Pang was placed on the Board's Ineligible/Inquiry List, and her application for a license as a teacher of Special Education was denied because of that listing. Pang then filed a complaint against the Board of Education with the New York State Division of Human Rights ("SDHR") on March 23, 1999. (See id.) SDHR dismissed Pang's complaint on October 20, 2000, finding that there was no probable cause to believe that Pang had suffered discrimination on the basis of her race or national origin. (See SDHR "Determination and Order After Investigation," attached as Ex. C to defendants' motion to dismiss.) Pang then sought EEOC review of SDHR's decision in her case. However, the EEOC adopted the decision of SDHR in a decision dated February 6, 2001. (See EEOC "Dismissal and Notice of Rights" letter, attached as Ex. A to defendants' motion to dismiss.) Pang then filed a pro se complaint with this court on February 14, 2001.

**II.     Discussion**

Pang's complaint must be dismissed in its entirety because the individual defendants, Asciutto and Cotto, are not amenable to suit under Title VII, and because Pang's SDHR complaint was not filed within the applicable limitations period set forth in 42 U.S.C. § 2000e-5(e)(1) for Title VII suits based on claims initially brought before a state anti-discrimination agency.

In reviewing a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must

accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted).

Here, Pang's claims against Asciutto and Cotto must be dismissed because individual supervisors are not subject to liability under Title VII. Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

Pang's claim against the Board of Education also must be dismissed because her initial SDHR complaint was not filed within 300 days of the point at which Pang learned of the defendants' alleged discriminatory conduct, as is required by Section 706(e)(1) of Title VII, 42 U.S.C. § 2000e-5(e)(1). The discriminatory conduct alleged in the complaint consists of the defendants' decision to ascribe a u-rating to Pang's performance during the 1996-97 school year, and her subsequent termination on October 4, 1997. The period during which Pang could have filed a discrimination charge with the SDHR, and then proceeded in federal court with a Title VII claim based on that charge, thus concluded on July 31, 1998, 300 days from the date of her termination. Since her subsequent filing in February 1999 falls outside of this limitations period, Pang's claims against the Board of Education must be dismissed. See Quinn v. Green Tree

Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998).

Pang's SDHR filing could be considered timely only if the Board's action in denying Pang's application for a special education license on February 25, 1999 could be adjudged an independent act of discrimination by the Board of Education. However, Pang's own SDHR complaint, in stating that she "was denied License as a teacher of Special Education based on the discontinuance of probationary service while at 314-K during the 1996-1997 school year," demonstrates that Pang viewed the Board's 1999 actions as a delayed consequence of the 1997 u-rating, rather than as an independent discriminatory act.

The Supreme Court has squarely rejected the theory that a Title VII statute of limitations may run anew from the point at which a "delayed, but inevitable, consequence" of an allegedly discriminatory act becomes manifest. Delaware State College v. Ricks, 449 U.S. 250, 257-58 (1980). Thus, "the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision." O'Malley v. GTE Serv. Corp., 758 F.2d 818, 820 (2d Cir. 1985). Since Pang received notice of the allegedly discriminatory decision—to terminate her probationary employment because of the u-rating she had received—in October 1997, the timeliness of her Title VII claim must be measured from that time, rather than from the later point at which the Board imposed the consequences of the u-rating on Pang by placing her on the Ineligible/Inquiry List and denying her application for a license to teach Special Education. Since these later decisions did not reset the 300 day filing clock mandated by statute, Pang's SDHR complaint is untimely for the purposes of this Title VII suit.

## III. Conclusion

For the foregoing reasons, the defendants' motion to dismiss is granted in its entirety.

The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: July 20, 2005                          /s/ Nicholas Garaufis
      Brooklyn, N.Y.                      NICHOLAS G. GARAUFIS
                                        United States District Judge